191 So. 399

### VINSON v. STATE.

8 Div. 835.

Court of Appeals of Alabama.
June 13, 1939.

Rehearing Denied June 30, 1939.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The following appears in the bill of exceptions:

"By the Court: 'At 11:30 A. M. today the trial of case of State v. Elton Graham was completed and a jury of twelve men went into the jury room at 11:20 A.M. to deliberate on said Graham case and at 11:20 A.M. all of the other part of the Court adjourned to meet back at 1:00 o'clock P. M.' When this case was called for trial at 1 o'clock P.M. the Court said: 'There are 32 regular jurors on the list for the week. It is now 1:00 o'clock P.M., the regular hour for Court to convene in the afternoon. Twelve of the jurors out of the 32 have been deliberating on the case of State v. Graham from 11:20 A.M. today until 12:45 P.M. today. At 12:45 P.M. the Court excused that jury until 1:30 P.M. to go out and get lunch and those twelve jurors are not present in the court room and not available and cannot be used in striking the jury in this case. But there are 20 jurors present in the court room who are qualified, and those twenty jurors consist and compose all the jurors who are present in Court at the time of the striking of jury in this case.'

"Defendant objected to being put on trial without the entire panel of 32 jurors to strike from, as the Court excused the other twelve jurors and did so without the consent or acquiescence on the part of the Defendant and without any notice to him, and objects to striking the jury without the twelve present.

"By the Court: 'There are twenty jurors present now in Court who are qualified, and those twenty are all the jurors present and all available to be used in striking the jury in this case. This is only a misdemeanor case, and those twenty are all the jurors present to select this jury from. The Court overruled the objection.

"Defendant excepted to the ruling of the Court in requiring the defendant to strike from the panel of twenty jurors.

"Court' overruled objection and requires Defendant to select a jury and strike from the twenty jurors present, as those twenty jurors are all the jurors present in the Court room at this time and available.

"Defendant excepted.

"By the Court: 'The twelve jurors were not excused for the week, but spent the dinner hour deliberating in the case of State v. Elton Graham, and it is now one o'clock, and the Court excused them at 12:45, fifteen minutes before the trial of this case began, for the purpose of going out and getting lunch, and the Court allowed the defendant to strike from the 20, who are all the jurors present in the Court room at the time the trial of this case began and all 20 show to be qualified and competent to try this defendant in this case.'

"Defendant excepted to the ruling of the court."

The contention is here made that the rulings of the Court, as noted above, were error to a reversal. In the conduct of trials in nisi prius courts large discretion must be left to the trial judge and where in his rulings the defendant is not denied substantial rights, appellate courts will not review his action.

The defendant was being tried for a misdemeanor. In such cases the minimum number of jurors constituting a panel from which a jury is to be selected is eighteen. In the instant case the number of jurors furnished to the defendant exceeded this number. No possible injury to defendant could arise from the rulings of the court requiring him to select a jury from the twenty jurors remaining in court at the time of the beginning of the trial, in the absence of fraud or undue prejudice on the part of the jurors constituting the panel; none of which is claimed in this case. Hardwick v. State, 26 Ala.App. 536, 164 So. 107; Code of Alabama 1923, Sections 8641 and 8642.

Charges AA and B2 requested in writing by the defendant by their very novelty constituted sufficient reason for their refusal. As was said by Mr. Justice Peck, C. J., in McAlpine v. State, 47 Ala. 78: "The courts will not sanction speculative novelties, without the warrant of some principle, precedent, or authority.—Broom's Legal Maxims, m. p. 136." A reasonable

doubt when reduced to its last analysis is: a reasonable doubt as addressed to the mind of each juror trying the case. As to whether or not the court knows what a reasonable doubt is, cannot affect the minds of the jury. All the court can do is to give to the jury the law to the effect that before a conviction can be had the jury must believe the evidence connecting the defendant with the crime beyond a reasonable doubt. What a reasonable doubt is, or whether it does or does not exist in any particular case, must necessarily be left to the good sense and conscience of the jury. Trial judges would do well to confine their charges within the above limits, without attempting to give more specific definitions as to what constitutes a reasonable doubt. McAlpine v. State, 47 Ala. 78.

The trial judge in the instant case fully charged the jury upon the question of reasonable doubt and gave to the defendant every right to which he was entitled.

We find no error in the record, and the judgment is affirmed.

Affirmed.