37 So.2d 428

### KITCHENS v. STATE.

### 7 Div. 941.

Supreme Court of Alabama.

Nov. 12, 1948.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

Roy D. McCord, of Gadsden, for appellant.

**LIVINGSTON, Justice.**

Appellant was indicted by the grand jury of Etowah County for murder in the first degree. He was tried and convicted of murder in the second degree, and his punishment fixed at twenty-five years in the State penitentiary. The victim was his wife.

Evidence adduced by the State tended to establish the following facts: appellant and Mrs. Kitchens were married September 22, 1934, and were the parents of three children, the youngest being four years of age. Appellant operated a small garage near his home, in which he employed a helper. Around two thirty in the afternoon of the

tragedy, appellant took his helper home. He bought hog or cattle feed in town and returned to his home. He put the feed on the back porch, and went into the house where his wife was standing near the kitchen table. The children were not at home. Shortly after the appellant went into the house, the wife was shot through the left breast with a twenty-two caliber revolver owned by appellant. Appellant put his wife in his automobile and started to the hospital, but before reaching the hospital appellant's car collided with another car. The wife died a few hours afterwards. It is not insisted that she was killed in the collision of the cars. Officers testified that appellant was intoxicated when they reached the scene of the collision.

Appellant claimed that the shooting was accidental, contending that when he entered the house and saw his wife, it was his intention to "start a play with her," but dismissed the thought. He saw the revolver on the dresser and, in his words, "it just struck me to pick it up and see what was the matter with it." He testified that he pulled back the hammer of the revolver which then fired and killed his wife. The State's evidence indicated that while the death weapon was not in perfect mechanical condition, nevertheless it was capable of firing and did fire.

■ It is clear enough that under the evidence the case was one for the jury, and the general charge was properly refused.

■■ Appellant requested a reversal because he was required to strike from a jury panel which did not include the names of twelve jurors previously selected for, and then engaged in, the trial of another case. Availing himself of section 70, Title 30, Code of 1940, appellant waived in writing the right of a special venire. After such a waiver, the mode of selecting the jury is that provided in section 60, Title 30, Code, for the trial of felony cases, not punished capitally. In such a case it is not error to exclude from the list of names from which the defendant must strike the names of jurors then deliberating on another case. Vinson v. State, 29 Ala.App. 20, 191 So. 399, certiorari denied, 238 Ala. 337, 191 So. 400; Hardwick v. State, 26 Ala.App. 536,

164 So. 107, certiorari denied, 231 Ala. 151, 164 So. 112; Conn v. State, 19 Ala.App. 209, 96 So. 640, certiorari denied, 209 Ala. 453, 96 So. 642. The record is silent as to the number of jurors on the panel from which defendant was compelled to strike. In the absence of such showing, it must be assumed that the number was not reduced below the twenty-four required by section 62, Title 30, Code, in non-capital felonies.

■ To sustain his defense of an accidental killing, and to refute the existence of any unlawful or wrongful motive, the defendant introduced evidence tending to show the existence of harmonious domestic relationship between himself and his wife. An emotion or feeling may impel against as well as toward an act, and a husband's strong feeling of affection for his wife would work against the doing of violence upon her, and would thus be relevant to show not doing. Bufford v. State, 23 Ala. App. 521, 128 So. 126; 1 Wigmore on Evidence, 3d Ed., section 118, page 561.

■■ To rebut the foregoing evidence, the State called a justice of the peace of Etowah County, who testified that the wife came to his office a few days before she was killed. Over the timely objection of defendant, the justice of the peace was permitted to answer affirmatively the following question: "Did she make complaint to you that her husband had made threats against her life on that occasion?" This evidence is pure hearsay. In whatever phraseology couched, it is no more than the justice of the peace testifying that on the occasion mentioned, the wife told him that the husband had made threats against her life. We are not to be understood as holding that the State cannot by legal evidence rebut evidence tending to establish harmonious domestic relations between the husband and wife. But statements of the deceased and declarations made by her are not competent evidence against the accused, unless made in his presence, or unless they are admitted in evidence as part of the res gestæ, or dying declarations. Holland v. State, 162 Ala. 5, 50 So. 215; State v. Goodwin, 127 S.C. 107, 120 S.E. 496; State v. Bigham, 133 S.C. 491, 131 S.E. 603; State v. Smith, 200 S.C. 188, 20 S.E.2d 726.

The admission of this testimony must necessarily work a reversal of the cause.

Other alleged errors are insisted upon, but as they are not likely to arise on another trial we will not extend the opinion further.

Reversed and remanded.

BROWN, SIMPSON and STAKELY, JJ., concur.