52 So.2d 829

### GWATHNEY v. STATE.

8 Div. 996.

Court of Appeals of Alabama.

May 29, 1951.

H. T. Foster, of Scottsboro, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was charged and convicted in the lower court of the offense of driving an automobile while intoxicated.

The record discloses that after the jury had been selected to try the case and while the clerk was calling them to the box appellant's attorney stated: "1 move that this be set aside because of C. F. Grigg, Sr. He has been in the Clerk's office and knows all about it because he has been there in the office, he maintains an office there himself. I move he be stricken from the list." He went on to state that the juror knew that the defendant had recently paid a fine.

There is an indication from the attorney's statement that there was an error in striking the jury and Mr. Grigg's name was left on the unstricken list on this account. The prosecuting attorney made this statement: "I would like for the record to show that that part of defendant's motion in regard to Juror C. F. Grigg, Sr. was made after the jury had been stricken and called, and I would like for the record to further show that the strike list of the State, the strike list by numbers of the defendant and the strike list of the Clerk all correspond."

The court replied: "All right, those are the facts. Motion overruled."

The juror was not subject to challenge for cause for the reasons stated. Even so, the objection came too late. Batson v. State, 216 Ala. 275, 113 So. 300.

It appears from the record that the juror's name was not left on the unstricken list because of error in numbering.

In this state of the record we cannot say that the appellant had the right to a restrike of the jury.

In the absence of a contrary showing, it will be presumed that the court followed the legal procedure in the matter of selecting the jury. Robertson v. State, 29 Ala.App. 399, 197 So. 73.

The arresting officers testified that the accused was driving an automobile along the streets of Scottsboro, Alabama. After a considerable chase he was finally stopped and arrested. At this time he was found to be "staggering drunk." Some whiskey was found in his car.

The appellant admitted that he was driving the car, but denied he was intoxicated. He testified that a few hours prior to his arrest he had one drink of whiskey.

The sufficiency of the evidence to sustain the verdict is raised only by the motion for a new trial. Unquestionably, under the evidence, we are not authorized to disturb the action of the lower court in overruling the motion.

There are no questions presented for our review incident to the introduction of the evidence. Neither are there any refused written charges for our consideration.

Appellant's counsel brought into the evidence the fact that the accused had paid

104

a fine for violating the prohibition law. We presume that this prosecution was based on the possession of the whiskey which the officers found in the automobile as above indicated.

This inquiry invited a colloquy between counsel and the court. In this connection the judge stated: "The Court told him it was the lowest fine. That is the way we do business. Put that in the record. We don't keep anybody in the dark as to what we do."

Appellant's counsel excepted to these remarks.

Unquestionably, such statements have no place in the orderly proceeding of a trial of a cause. Judges should certainly refrain from making them. We are not convinced, however, that the assertions were of such a nature and purport as to injure the substantial rights of the accused.

The jury assessed the lowest fine fixed by the statute, and, in this respect, there is no indication that it was prejudiced against the defendant by the indicated remarks.

The record discloses: "Mr. Foster: The defendant excepts to that part of the oral charge of the Court beginning, 'If you believe he ran red lights you put a higher fine on him. Somebody might have been killed, and it is a wonder they had not.'"

The oral charge does not contain this statement nor its equivalent.

We do not find any reversible error in the record. The judgment below is ordered affirmed.

Affirmed.