113 So.2d 184

Samuel Simpson DAVIS

v.

STATE.

7 Div. 524.

Court of Appeals of Alabama.

Feb. 17, 1959.

Rehearing Denied March 10, 1959.

Pilcher & Floyd, Gadsden, for appellant.

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of the Etowah Circuit Court which, resting on a jury's verdict, adjudged Davis guilty of

murder in the second degree and fixed his punishment at ten years in the penitentiary.

The tendencies of the State's evidence were that on November 10, 1956, Mr. Davis fired a shotgun shell into his wife's back some ten inches below the collar bone, and from this wound she died in a short time.

■ Davis contends that the shooting was a misadventure, in that the single-barreled Stevens 12-gauge shotgun which he had borrowed was unlike the Iver Johnson gun which he owned.

It seems that the Iver Johnson gun breaches by means of pulling, with the trigger finger, a ring located immediately in front of the trigger. Davis claims he was confused and must have pulled the trigger of the Stevens gun thinking it was the ring to unlatch the breaching mechanism of the Iver Johnson gun.

To refute this theory, the State introduced evidence of motive consisting of testimony that Mr. Davis, at early hours of the morning, visited a widow friend who had formerly been in the congregation of a church which he had served as minister.

■ The care required in handling, loading and unloading firearms is such that a man's intent when death occurs from a gunshot ordinarily presents, if there is evidence to rebut malice, a jury question, Kitchens v. State, 251 Ala. 344, 37 So.2d 428, Shiflett v. State, 262 Ala. 337, 78 So.2d 805.

■ The trial, held November 25, 1957, was the second in the case, and upon the earlier trial it seems that the Stevens shotgun suffered some damage during the jury's deliberations, and in the interim, with the court's permission, the solicitor had had a gunsmith make some repairs upon the gun.

The defendant's motion for a new trial assigned as one of its grounds the failure of the judge to notify defense counsel of an order made permitting the clerk to return the weapon to the solicitor until the retrial of the cause.

While ordinarily an exhibit which partakes of direct or demonstrative evidence should duplicate in all essential particulars the circumstances at the time of the homicide, we perceive no error prejudicing any of the rights of the defendant by reason of the admission and reception of the Stevens shotgun in evidence upon the second trial.

At the close of the hearing on the motion for a new trial, the trial judge aptly pointed out that, during the course of the trial, it was brought to the defense counsel's attention that the firing pin had been restored, and there would have been ample opportunity to have cross-examined the expert witness with respect to any different behavior which might be observed on account of the gunsmith's repairing the firing pin.

Thus, with respect to the use of guns and other weapons in evidence, we find our Supreme Court saying:

"It is common practice, and has often had the approval of this court, to give in evidence the weapon with which a homicide has been committed. The deadly character of the weapon used tends to show the felonious intent. In view of the connection between the two transactions and the tendency of each to illustrate the other, and in view especially of the inference which the jury may well have drawn that defendant first tried to kill deceased with the gun, there was no error in allowing the gun in evidence in this case."—Granberry v. State, 182 Ala. 4, 62 So. 52, 53.

"There was no error in sustaining an objection to the introduction of the piece of wood claimed to be similar in shape to the wagon-spoke as it was said to be when the homicide occurred. The wagon-spoke itself was in evidence, and, if its appearance from any cause differed from what it was at the time of the death of deceased, this was a matter of proof. To permit the introduction of another piece of wood, .

and evidence to show its similarity, merely presented a collateral, controverted issue, calculated to confuse the jury and draw their minds from the main issue. * * *"—Hornsby v. State, 94 Ala. 55, 10 So. 522, 525.

We have carefully reviewed all of the matters raised by the defendant in his brief, and have searched the record and find no errors to the probable prejudice of any substantial right. Accordingly, the judgment of the court below is due to be

Affirmed.