279 So.2d 130

**William E. ARNOLD**

v.

**STATE of Alabama.**

**SC 352.**

Supreme Court of Alabama.

June 7, 1973.

Wilters & Brantley, Bay Minette, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

Mr. William Arnold, of Bay Minette, Alabama, was convicted of second-degree

murder in Baldwin County Circuit Court. He had fatally shot his wife Ethel in the head with a .22 automatic rifle bullet. Arnold appealed his conviction and ten-year penitentiary sentence to the Alabama Court of Criminal Appeals, from whence the cause was transferred to this Court. Title 13, § 111(11a), Code of Alabama 1940, Recompiled 1958.

It is undisputed that on February 28, 1972, Mr. Arnold was sitting at his kitchen table, Ethel was washing dishes at the sink, and their two boys were playing basketball behind the house. At this time, Mr. Arnold fired a bullet which struck Ethel as she stood washing dishes, entering near her right ear and lodging in her brain, killing her. Testimony indicated that Arnold was "in love" with another woman, and had been seeing her. He claimed to have killed his wife by accident. The jury was unpersuaded, and found him guilty of second-degree murder.

Eight purported errors are complained of on this appeal: (1) The trial judge's action in excusing jurors without defendant's consent, in violation of Alabama procedure in capital cases; (2) failure of the trial judge to call a special venire, in accordance with the procedure in capital cases; (3) failure of the trial judge to draw from a hat or box petit juries of 12 each; (4) sustaining of objection to testimony offered by the defense to show harmonious domestic relationship prior to the killing; (5) refusal of a certain charge on reasonable doubt; (6) refusal of a charge that if the shooting were accidental, defendant could not be convicted; (7) admission into evidence of a "confession" by Arnold, when he was not previously warned of his rights; and (8) admission of evidence tending to show that Arnold gave his wife a cheap funeral.

▪ From a study of the authorities, we are convinced that defendant had the right to introduce testimony tending to show harmonious domestic relationship prior to the killing. Exclusion of such evidence requires a reversal of the conviction.

The record shows the following exchange while the defendant was on the stand:

"Q. Had you and your wife ever had any difficulty prior to the time she was—

"MR. HENDRIX: —Object to that.

"THE COURT: Sustain the objection.

"MR. BRANTLEY: Except.

"Q. Had you and your wife had any argument shortly before she was killed?

"MR. HENDRIX: Object as being completely immaterial.

"THE COURT: Sustain the objection.

"MR. BRANTLEY: Except."

The defense attempted again and again to elicit testimony from various witnesses, including Mrs. Arnold's sister and mother and two family friends, to the effect that the Arnolds were a harmonious couple. Each time, such evidence was excluded as irrelevant by the trial judge.

In Kitchens v. State, 251 Ala. 344, 37 So.2d 428 (1948), appellant killed his wife with a .22 caliber bullet. There, as here, he claimed the shooting was accidental. This Court stated:

"To sustain his defense of an accidental killing, and to refute the existence of any unlawful or wrongful motive, the defendant introduced evidence tending to show the existence of harmonious domestic relationship between himself and his wife. An emotion or feeling may impel against as well as toward an act, and a husband's strong feeling of affection for his wife would work against the doing of violence upon her, and would thus be relevant to show not doing." 251 Ala. at 346, 37 So.2d at 429.

In Shiflett v. State, 262 Ala. 337, 78 So. 2d 805 (1955), appellant killed his wife

with a .22 caliber bullet. There, as here, and as in *Kitchens*, supra, he claimed that the shooting was accidental. The trial court excluded evidence of harmonious domestic relationship. On appeal, this Court reversed, commenting:

"* * * Defendant was privileged to prove that they were congenial or devoted, * * * because it was material on the question of whether the shooting was accidental or intentional. Kitchens v. State, supra.

"Defendant was entitled to have this testimony to support his contention that the shooting was accidental. It was error to deny him the benefit of such evidence." 262 Ala. at 343, 78 So.2d at 811.

Appellant in this case was clearly entitled to introduce evidence of harmonious domestic relationship, and refusing to permit him to do so was error. The jury would be free to disbelieve this evidence, or believe it and still convict the defendant of murder. However, our cases require that defendant be allowed to present such evidence, for whatever it is worth.

The State suggests, however, that comments by appellant's son and girl friend relating to his amiable marital relationship rendered the proffered evidence of appellant, his in-laws, and friends superfluous cumulative testimony. We disagree. Obviously, the testimony of the husband as to the nature of his marital relationship would be of far greater probative value than that of their young son, or of appellant's girl friend, who was not around the couple on a day-to-day basis. Since the case revolved around whether the killing was deliberate or accidental, we think all testimony relating to the harmony or disharmony of the marital relationship should have been received into evidence. Shiflett v. State, supra; Kitchens v. States, supra.

We pretermit discussion of the other alleged errors because they probably will not arise on a retrial of this case.

The judgment of conviction is reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.