296 So.2d 796

**William E. ARNOLD**

v.

**STATE.**

**I Div. 470.**

Court of Criminal Appeals of Alabama.

June 25, 1974.

J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and J. Donald Reynolds, Sp. Asst. Atty. Gen., Montgomery, for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for murder in the first degree. The alleged victim was the defendant's wife. This is an appeal from a second trial. The jury in the first trial convicted the defendant for murder in the second degree and fixed his punishment at ten years imprisonment in the penitentiary. The Supreme Court of Alabama, the transferee of the case, reversed and remanded. Arnold v. State, 291 Ala. 149, 279 So.2d 130. In the second trial, the jury convicted the defendant for murder in the second degree and fixed his punishment at fifteen years in the penitentiary.

The proceedings and judgment in the second trial are now before us for review. We will not repeat the facts stated in the first opinion. Suffice it to say, the defendant contended in both trials that the killing was an accident and done while the defendant was cleaning a rifle in the kitchen of his home, where the homicide occurred. The state disputed this contention and asserted that the husband killed his wife under such circumstances as to constitute murder.

It appears from the evidence of the state that another woman was involved; that defendant's illicit relations with the other woman motivated the homicide, or at least that was the state's contention.

The alleged paramour testified as a·witness for the state at the first trial. It also appears from the evidence that, prior to the first trial, she was in the protective custody of the sheriff due to some threats of another man whom she had left for more acceptable social engagements with the defendant. It appears that at the time of the second trial this witness had married the defendant and refused to testify against him. This privilege was asserted pursuant to Title 15, § 311, Recompiled Code 1958.

I.

After the witness declined to testify against the defendant, as was her privilege under the statute, supra, the state, after proper predicate, offered her certified and sworn testimony, both direct and cross, at the first trial. The trial court overruled the defendant's objection to the admission of this testimony.

We see no reason why this testimony was not admissible. True, it was adverse to the defendant. We think it meets all the requirements in Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, cert. den. 254 Ala. 74, 46 So.2d 847; McCoy v. State, infra.

It appears in *Wyatt* that the wife, in a prior peace proceeding, testified against her husband, but on the nisi prius trial on an indictment she declined to testify. She asserted her privilege pursuant to Title 15, § 311, supra.

We held in *Wyatt* as follows:

"The testimony of a witness at a former trial is admissible in a second trial when at the time the witness is dead, under disability, is permanently absent from the State, or becomes unavailable by reason of claim of privilege at the second trial. Mims v. Sturdevant, 36 Ala. 636; Jeffries v. Castleman, 75 Ala. 262; McCoy v. State, 221 Ala. 466, 129 So. 21. Even so, the evidence given at the former trial is admissible only if in the subsequent trial the issues and parties are substantially the same, and the issue in the subsequent trial is substantially included in the first trial, though there may be a nominal change of parties. Hill v. McWhorter, 237 Ala. 419, 187 So. 494.

"In addition to the above requirements the testimony of a witness in the former trial or action must have been given under oath, Davis v. State, 17 Ala. 354, before a tribunal or officer having legal authority to take testimony and affording in practice an opportunity for cross examination, and so presented that the party against whom the witness was offered had an opportunity to test its credit by cross examination. Wigmore on Evidence, Vol. V, Third Edition, Sections 1370–1394. See also McElroy, The Law of Evidence in Alabama, pp. 91, 92.

"Opportunity to exercise the right of cross examination, and not the actual exercise of the right, is sufficient. One's failure to exercise the right does not furnish grounds to exclude the former testimony. Long v. Davis, 18 Ala. 801; Percy v. State, 125 Ala. 52, 27 So. 844; Wigmore, supra."

The court said in *Wyatt* that the defendant in the peace proceedings examined his wife. The original record shows that the defendant did not have counsel in such proceedings. In *Wyatt* opportunity to exercise the right of cross examination and not the actual exercise of the right was sufficient. In Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, decided in 1965, many years after *Wyatt*, testimony of a witness at preliminary hearing where defendant was not represented was not admissible at the trial after showing that the witness was out of the state.

*Wyatt* asserts the principle that the testimony of a witness at a former trial is admissible at a second trial when the witness becomes unavailable by reason of a claim of privilege at the second trial. This rule or pronouncement is not affected because the evidence is objectionable due to other reasons affecting its admissibility, i. e., want of representation by counsel as in *Pointer,* supra.

The defendant here involved was represented by counsel in the first trial. Counsel cross-examined the witness at length. The requirements of *Pointer* as to counsel were met. The principle of unavailability in *Wyatt* applies. The trial court did not err in admitting the testimony of the witness.

II.

It appears from the record that the court allowed the jury to separate after admonishing them not to talk about the case nor allow anyone to talk to them about the case. The court observed to the jury:

"Ladies and Gentlemen of the jury, as I told you at noon, this is not the type case where the jury has to stay together; I am fixing to recess you until morning; you can go your separate way, * * *."

It seems that there was more than one separation during the progress of the trial. These other separations were allowed by the court.

When one of the separations occurred, the defendant's counsel moved the court inter alia for a mistrial. One of the grounds assigned was that the jury had been allowed to separate to which objection was then interposed. The court overruled the motion.

While it was not error to overrule the motion for a mistrial because of the jury separation, Lynn v. State, 250 Ala. 384, 34 So.2d 602, 603, the trial court committed error to reverse in allowing the jury to separate. In felony cases, separations of a jury after trial has commenced and before verdict create cause for reversible error in favor of the defendant, unless the state affirmatively shows the defendant was not injured hereby. Payne v. State, 226 Ala. 69, 145 So. 650; Lynn v. State, supra; Williams v. State, 26 Ala.App. 531, 163 So. 663, cert. den. 231 Ala. 127, 163 So. 667; Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90, cert. den. 258 Ala. 579, 64 So.2d 102; Tidwell v. State, 37 Ala.App. 228, 66 So.2d 845, cert. den. 259 Ala. 464, 66 So.2d 848; Pitts v. State, Ala.Cr.App., — So.2d —, 1974.

This burden, supra, is not on the state in some Alabama jurisdictions where modi- fied by statute, but it does apply in Baldwin County where this case was tried.

It does not appear in the record that the state offered evidence that the defendant was not injured by the separation. Because of such separation, the judgment of conviction is reversed, and the cause is remanded.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.