360 So.2d 1053 (1978)
In re Kenneth Wesley DICKERSON
v.
STATE of Alabama.
Ex parte State of Alabama ex rel. Attorney General.
77-384.
Supreme Court of Alabama.
May 19, 1978.
*1054 William J. Baxley, Atty. Gen., Montgomery, and James L. O'Kelley, Asst. Atty. Gen., Birmingham, for the State, petitioner.
William H. Mills, of Rogers, Howard, Redden & Mills, Birmingham, for respondent.
PER CURIAM.
In denying the State's petition for writ of certiorari, we deem it appropriate to address two points: (1) Whether the specific question propounded by Defendant, and found objectionable by the trial Court, sought information relating to the details of prior controversy between the Defendant and the deceased; and (2) Whether the scope of the evidence solicited relative to such prior controversy was relevant to any defense raised at trial.
The specific question to which objection was raised and sustained was:
"[Defense Counsel] And, over how long a period of time had there been difficulties between you and Mr. Bishop [the deceased]?
"[District Attorney] Your Honor, I am going to object to this line of questioning at this time, unless the proper predicate for it has been laid."
It appears that defense counsel merely sought to elicit the time frame during which these difficulties existed. This cannot be equated with a solicitation seeking the specific details of these prior difficulties and confrontations. Thus viewed, such evidence is admissible even under the more restrictive rules applicable for pleas of self-defense. See Crenshaw v. State, 205 Ala. 256, 87 So. 328 (1921).
In answer to the second query stated above, it appears Dickerson raised several possible defenses to this action. Though he did raise a self-defense theory, he also sought utilization of the defense of accidental homicide and sought to negate both the intent and malice elements needed for a first-degree murder conviction. Therefore, as stated in Sashington v. State, 56 Ala. App. 698, 325 So.2d 205, cert. denied, 295 Ala. 416, 325 So.2d 211 (1976), and quoted in the opinion of the Court of Criminal Appeals:
"The rule to the effect that ordinarily evidence of a previous difficulty between defendant and deceased, or between defendant and a third party related to deceased, or connected with the fatal incident in any homicide case, or a case of assault with intent to murder, is not admissible if there is no evidence of self-defense, or if the evidence shows conclusively that defendant was the aggressor thereby negating self-defense as a matter of law, is not controlling in a case of this kind, wherein defendant's defense is not *1055 based upon a claim of self-defense. Even if defendant had claimed that the shooting was in self-defense, this would not preclude him showing that the offense was committed under circumstances reducing it to manslaughter. Reeves v. State, 186 Ala. 14, 65 So. 160 (1914); Byrd v. State, 257 Ala. 100, 57 So.2d 388 (1952). It necessarily follows that in a case in which he does not even claim self-defense he should not be precluded from showing the absence of any one or more of the elements constituting each degree of homicide charged in the indictment, including particularly intention and malice. The question of the admissibility of evidence as to a previous difficulty with deceased or others in homicide cases usually arise in connection with claims of self-defense and is usually determinable by considerations relative to such a claim. But this is not always true." Sashington, at 702, 325 So.2d at 209.
Evidence as to prior difficulties between Dickerson and the deceased is clearly relevant as to the reason the Defendant had the shotgun with him at the time of the homicide. Furthermore, such evidence could negate the intent and malice elements previously shown by the State. Therefore, such evidence is admissible and the exclusion of such evidence is reversible error. See Arnold v. State, 291 Ala. 149, 279 So.2d 130 (1973); and Bedsole v. State, 274 Ala. 603, 150 So.2d 696 (1963).
WRIT DENIED.
BLOODWORTH, FAULKNER, JONES, SHORES, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX and BEATTY, JJ., dissent.
MADDOX, Justice (dissenting).
The opinion of the Court of Criminal Appeals, 360 So.2d 1045, states:
"Kenneth Wesley Dickerson, the appellant, testified that on February 17, 1976, Bishop called him on the telephone. During the telephone conversation appellant stated that Bishop called his ex-wife a `spick' and said that he would `blow both his and his ex-wife's heads off.' Dickerson indicated that they went over to Bishop's home to ask for an apology. The appellant testified that he took his shotgun because of `numerous threats' he had received from Bishop in the `past three years.' . . ."
Nevertheless, the Court of Criminal Appeals reversed Dickerson's conviction because the trial court refused to permit him to show the details of prior difficulties. The trial court permitted Dickerson to testify that shortly prior to the shooting, the deceased had threatened to "blow both his and his ex-wife's heads off", and that the deceased had made numerous threats on him during the "past three years." Certainly, Dickerson is not entitled to a new trial because the trial court prevented him from going into the details of these prior difficulties.
The general rule regarding threats by a victim is contained in McElroy's Alabama Evidence, 3rd Ed., § 45.01, p. 78:
"In a charge of homicide or assault, the accused may prove a threat by the victim against him as tending to show that the victim was the aggressor. Such a threat, however, can only be proven after the accused has introduced evidence warranting a finding by the jury that he acted in self-defense. These threats are admissible even though the accused had no knowledge of them before the now-charged crime.
"A threat by the victim is not admissible if, at the time it is offered, the undisputed evidence shows that the accused was at fault in bringing on the difficulty or was not in imminent peril of losing his life or suffering serious bodily harm."
The facts of this case are not similar to those of Sashington v. State, 56 Ala.App. 698, 325 So.2d 205 (1975). Sashington involved the fatal shooting of an elderly-beloved man at his own birthday party by a neighbor who was a friend of the elderly man and with whom the deceased had never had any prior difficulties. Many persons were in attendance at this birthday party, *1056 including the appellant-neighbor and one James Abston, a person with whom the appellant had had some prior difficulties. Amidst the birthday merry-making, several isolated arguments ensued amongst the guests. The appellant, during one of these arguments which transpired on the front porch of the deceased's home, saw Abston a short distance away waving a shotgun in the air. Apparently sensing danger to himself because of the prior difficulties with Abston, appellant went home and returned with his shotgun. The argument on the front porch was still in progress, and appellant, standing in the front yard with a gun held waist high pointed toward the porch, fired a shot, and the friend fell dead. The context of the Sashington court's decision shows that the appellant did not intend specifically to kill the honored host, but acted in such a way as to show that he did have the intent to kill a human being standing on that porch.
The opinion in Sashington shows, in short, that "(1) the deceased and the appellant were friends with no prior difficulties; (2) the appellant probably armed himself because of prior difficulties with the shotgun-wielding Abston; (3) appellant did not have the specific actual intent to kill the deceased, and actual malice did not exist toward the deceased."
Had Dickerson killed a friend here instead of his avowed enemy, Sashington might be applicable. In any event, Dickerson was allowed to prove the prior threats, but was not allowed to go into their details.
I would grant the writ because I think it shows probable merit.
TORBERT, C. J., and BEATTY, J., concur.