The defendant was indicted and convicted for the unlawful possession of diazepam (Valium) in violation of the Alabama Controlled Substances Act. Section 20-2-1 et seq., Code of Alabama 1975. Sentence was forty-two months' imprisonment. *Page 343 
 I
The defendant alleges that error occurred when the jury venire was divided into two panels without his participation. The only indication of what actually or allegedly occurred in the trial court is found in the objection of defense counsel.
 "MR. BELL: First of all, we would like to interpose an objection to striking a jury from what has been designated as Panel A in the Circuit Court of Shelby County, since this panel was chosen arbitrarily by persons unknown to the Defendant, and the process of which choosing said Panel A is unknown to the Defendant. Furthermore, it appears that only the first half of the original jury list given to the attorneys this morning has been selected as Panel A and that there was no presence of Defendant or his attorneys at the time that these jurors were selected and we object to striking from that Panel A and not the whole jury venire.
"THE COURT: The Court would overrule the objection."
The defendant does not contend that he was forced to strike from a jury list containing less than 24 names. Alabama Code 1975, Section 12-16-100. He does argue that:
 "a division of the jury into more than one panel by any other manner than drawn lot constitutes an intentional omission of the jury roll of a large number of legally qualified citizens and as such is a systematic exclusion and impairment of the defendant's right to due process under the Code of Alabama 12-16-100 and the Sixth Amendment. . . ."
From the record it is not absolutely clear to this Court exactly what did occur in the trial court. At any rate it is certain that the record does not reflect any factual basis for the defendant's objection. In view of this fact there is nothing for this Court to review. Henderson v. State,373 So.2d 1218 (Ala.Cr.App.), cert. denied, 373 So.2d 1221 (Ala. 1979). On appeal, the actions of the trial judge are presumptively correct in the absence of a showing to the contrary. Ballard v.State, 236 Ala. 541, 184 So. 260 (1938); Felton v. State,47 Ala. App. 182, 252 So.2d 108 (1971). Error is not presumed on appeal, but the burden is on the appellant to show error.Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1956). This Court will not presume a fact not shown by the record and make it a ground of reversal. Duncan v. State, 88 Ala. 31, 7 So. 104
(1889). In the absence of anything in the record to the contrary, this Court will presume that the law as to summoning and challenging jurors was complied with. Smith v. State,88 Ala. 73, 7 So. 52 (1889); Rash v. State, 61 Ala. 45 (1878);Gwathney v. State, 36 Ala. App. 102, 52 So.2d 829 (1951). See also Kitchens v. State, 251 Ala. 344, 37 So.2d 428 (1948);Edwards v. State, 205 Ala. 160, 87 So. 179 (1921); Moreland v.State, 373 So.2d 1259 (Ala.Cr.App. 1979). Where the record is otherwise silent and does not disclose that evidence was offered in support of the defendant's objection to the jury venire this Court will not review the overruling of his objection. James v. State, 246 Ala. 617, 21 So.2d 847 (1945);McMillan v. State, 16 Ala. App. 148, 75 So. 824, cert. denied,200 Ala. 699, 76 So. 997 (1917).
 II
The trial court can properly take judicial notice of whether a substance is designated as a controlled substance and can so instruct the jury. United States v. Berrojo, 628 F.2d 368,369-70 (5 Cir. 1980); State v. Hobbs, 101 Idaho 262,611 P.2d 1047, 1048 (1980); State v. Hutchens, 604 S.W.2d 26, 27
(Mo.App. 1980). See also Bickerstaff v. State, 369 So.2d 315
(Ala.Cr.App. 1979). There was no allegation at trial that Valium had been improperly classified as a controlled substance or that the State Board of Health had not complied with the requirements of the Alabama Uniform Controlled Substances Act in classifying Valium as a controlled substance. CompareMcCurley v. State, 390 So.2d 25 (Ala. 1980).
We have searched the record and found no error prejudicial to the substantial rights *Page 344 
of the defendant. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.