**Patricia Ann CARTER,
Petitioner-Appellant,**

**v.**

**Kathleen HOLT, Warden,
Respondent-Appellee.**

**No. 86–7206.**

United States Court of Appeals,
Eleventh Circuit.

May 22, 1987.

Arthur T. Powell, III, Mobile, Ala., for petitioner-appellant.

James B. Prude, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before HILL and JOHNSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

HILL, Circuit Judge:

In this habeas corpus proceeding, the United States Magistrate concluded that the petitioner had not been denied effective assistance of counsel. The magistrate's recommendation was adopted as the opinion of the district court, and habeas corpus relief was denied.

Oral argument was heard in this case in Montgomery, Alabama on December 1, 1986. The record, briefs, and arguments of counsel have been carefully considered. We affirm the decision of the district court

---

ous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years. In the case of his second or subsequent conviction under this subsection such person shall be sentenced to imprisonment for ten years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under the subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the terms of imprisonment imposed herein.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

adopting the Recommendation of the magistrate, attached hereto as an appendix.

AFFIRMED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

PATRICIA ANN CARTER, Petitioner,

vs.

KATHLEEN HOLT, Respondent.

CIVIL ACTION NO. 85–0771–C–S

Jan. 2, 1986.

## RECOMMENDATION OF THE MAGISTRATE

This is an action under 28 U.S.C. § 2254 in which Petitioner attacks her 1983 murder conviction and sentence of twenty-five years imprisonment, imposed in the Circuit Court of Mobile County. Petitioner advances the single claim that her counsel rendered constitutionally ineffective assistance in advising her to waive a jury trial.

At the time of the trial, Petitioner was twenty-seven years old. She had no prior convictions and no prior arrests. She had been working at the American Red Cross Center in Mobile for approximately four years prior to trial and the Red Cross continued to employ her after her indictment. She had available as character witnesses at trial a number of employees of the Red Cross. Petitioner has a high school education and three months of college.

Petitioner shot and killed one LaTonia Williams. The decedent and Petitioner were rivals for the affection of Robert Williams. Robert Williams was the father of Petitioner's three children, but Williams and Petitioner had never been married. After the birth of the third child, Robert Williams married the decedent. Petitioner and decedent had a number of arguments and, according to Petitioner, the decedent had over a long period harassed Petitioner and threatened her because Petitioner continued to see Robert Williams at various times.

Petitioner waived a jury trial at the advice of her trial counsel. The evidence is clear that Petitioner was a completely cooperative client, relied entirely on counsel's advice regarding how to defend the case, and agreed to whatever course counsel recommended. Trial counsel, Donald Brutkiewicz, Jr., testified at the hearing in this case regarding his reasons for the jury trial waiver. Those reasons were, in essence, as follows: It was undisputed that Petitioner fired the shot which killed the decedent. Counsel saw in the evidence no meaningful possibility of a plea of self-defense. That being true, there was little ground for a charge on a lesser-included-offense. Also, because there was no basis for a self-defense argument, there was no basis for introduction of evidence regarding prior difficulties between Petitioner and the decedent. In light of those restrictions, and the general tendency to enforce evidentiary rules more stringently in a jury trial, counsel foresaw that a trial to a jury would likely present to the jury a picture of cold-blooded murder.

Counsel discussed, with the permission of the District Attorney, the possibility of a non-jury trial with the scheduled trial judge, Honorable Ferrill McRae. It was counsel's desire, which was agreed to by Judge McRae, to have in effect a combined liability/punishment non-jury trial, which would allow the trial judge to hear all the evidence regarding the past difficulties between Petitioner and decedent in connection with his adjudication of guilt. Counsel's belief was that this format would lead the trial judge, whether or not he could find Petitioner guilty of a lesser-included-offense, to impose a sentence consistent with a conviction for manslaughter. In essence, counsel concluded that Petitioner was going to be found guilty of some form of homicide and that the likely punishment would be less in a bench trial. He therefore recommended to Petitioner that jury trial be waived.

For some reason not explained by the record, Judge McRae did not hear the case.

The trial was transferred to Honorable James D. Sullivan, a District Judge temporarily sitting as a Circuit Judge. Mr. Brutkiewicz was told by Judge McRae that Judge McRae's agreement regarding the trial format had been communicated to Judge Sullivan. Following the bench trial, Judge Sullivan found Petitioner guilty of murder and imposed a twenty-five year sentence. Petitioner later sought a new trial or sentence reduction, which motion was denied by Judge McRae.

One unarticulated premise of Petitioner's case is that at the time he imposed the twenty-five year sentence, Judge Sullivan was under investigation for fixing criminal cases, that he knew he was under investigation, and that the sentence imposed in this case was part of an effort by Judge Sullivan to create a public image of "toughness" inconsistent with the claims that he was fixing criminal cases. Judge Sullivan was subsequently indicted and convicted of those charges in this Court.

Trial counsel's determination that the "prior difficulties" evidence could not be presented to a petit jury was probably erroneous. The trial transcript (record at 65, 73, 75–76) contains testimony which would create some factual basis for an assertion that Petitioner fired the shot in order to scare Williams and decedent because she was fearful of physical attack by them. Under Alabama law, a criminal defendant is entitled to a charge on lesser-included-offenses if there is any evidence, no matter how weak, that would support such a charge. *E.g., [Chavers] v. State*, 361 So.2d 1106 (Ala.1978). Evidence of prior difficulties is always admissible where a legally sufficient claim of self-defense is asserted, and even where there is no claim of self-defense, evidence of prior difficulties is generally admissible on questions of motive and intent, so long as there is some arguable connection between the prior difficulties and the killing. *See Phelps v. State*, 435 So.2d 158, 163 (Ala.Crim.App.1983); *Dickerson v. State*, 360 So.2d 1045 (Ala. Crim.App.), *cert. denied with opinion* 360 So.2d 1053 (Ala.1978). Though the issue is not altogether clear, it appears that Alabama law would have allowed defense counsel to present to the jury all of the "prior difficulties" evidence which motivated the jury trial waiver.

A criminal defendant is constitutionally entitled to the effective assistance of counsel. In determining a claim of ineffectiveness, the Court must determine whether in light of all the circumstances, the claimed omissions were outside the wide range of professionally competent assistance and whether there is a reasonable probability that, but for the unprofessional errors, the results in the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Most claims of ineffective assistance relate to alleged negligent omissions to act by attorneys. When, as here, the conduct complained of was a conscious and apparently informed choice between alternatives, a tactical judgment will almost never be overturned on habeas corpus. *Griffin v. Wainwright*, 760 F.2d 1505, 1514 (11th Cir. 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1992, 90 L.Ed.2d 672 (1986). Pre-*Strickland* authority from this Circuit is that even if in retrospect trial counsel's strategy appears to have been wrong, that decision will be held ineffective only if it was so unreasonable that no competent attorney would have chosen it. *Adams v. Wainwright*, 709 F.2d 1443 (11th Cir.1983), *cert. denied*, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). Here, defense counsel's overall judgment was logical and designed to further his client's interests. Though the primary step in his reasoning—the perceived limitation on relevant evidence in a jury trial—may have been erroneous, the question is fairly debatable and counsel's conclusion on that subsidiary point was not patently unreasonable. The fact that the strategy ultimately went awry does not demonstrate that the decision itself was outside the wide range of competent assistance. The Magistrate recommends a conclusion that Petitioner fails on the first prong of the *Strickland* test, and recommends a conclusion that habeas relief be denied.

The attached sheet contains important information regarding objections to this Recommendation.

/S/ PATRICK H. SIMS
UNITED STATES MAGISTRATE