Appeal from denial of writ of error coram nobis.
By petition for writ of error coram nobis, the appellant challenged his 1980 conviction for robbery and twenty-year sentence thereon. His petition, in pertinent part, is as follows:
 "Your Petitioner respectfully shows that said conviction was unlawfully and improperly taken against him in consequence of the fact that long before the trial date, the District Attorney of Jefferson County, through his Deputy District Attorneys, informed Petitioner's counsel that the alleged offense occured (sic) on July 27, 1978. Said counsel . . . relying on this assertion by the District Attorney, prepared his case around said date. Numerous witnesses were present on behalf of your Petitioner at the trial to testify as to his true whereabouts on said date.
 "On the date the trial was had, after these witnesses were excused from the Courtroom pursuant to the rule being invoked, it became apparent that the District Attorney's office, prosecuting on behalf of the State, presented testimony to show that the alleged offense occured (sic) on July 19, 1978, as opposed to the earlier date given, July 27, 1978. Under these facts, your Petitioner was denied *Page 74 
the due process of law as guaranteed by the Constitution of the United States.
 "Your Petitioner shows that he has a valid and lawful defense against the said conviction and that if given the opportunity, can and will make and propound his defense, as may be authorized and allowed by law and the rules of this Honorable Court. Also, petitioner is not guilty of the offense charged."
At the coram nobis hearing, the appellant's trial counsel testified that prior to the robbery trial he discussed the charge with David Barber, an assistant district attorney. He said Mr. Barber told him that the robbery occurred on July 27, 1978, at approximately 5:10 p.m. The only alibi witnesses which defense counsel had available were the appellant's mother and girl friend. To the best of trial counsel's recollection, the first time he was apprised that the robbery in question took place on July 19, 1978, was during the course of the prosecutor's opening argument.
The appellant's sole contention is that the date of the offense was different than trial counsel had been led to believe it to be prior to trial and that the appellant's mother and girl friend were not called as alibi witnesses at the trial. However, the case is not that simple.
The evidence shows that there were actually two cases pending against the appellant at the time his trial counsel had a discussion with the deputy district attorney. Appellant's counsel in chief did not recall the date of July 19 being mentioned by Mr. Barber, whereas Barber's recollection and notes are to the contrary. He testified that in talking to appellant's trial counsel "two dates and two times were discussed as to each charge, as to the escape and as to the robbery." Barber further testified:
 "The robbery charge involved a P S Apothecary in the 7700 block of 2nd Avenue, South. It was reported to the Birmingham Police Department to have occurred on July 19th at 5:10 P.M.
 "The escape case came to the attention of our office on the 28th of July, and the escape was reported to have occurred on the 27th of July, something like 10:00 A.M."
The record likewise reveals that the failure of trial counsel to call the appellant's mother and girl friend as alibi witnesses was not solely due to the conflicting dates on which the robbery purportedly occurred. Both the appellant's counsel in chief and associate counsel at trial testified on the coram nobis hearing that the two alibi witnesses were not used due to the unreliability of their proposed testimony. The appellant's associate trial counsel testified as to the girl friend that "she did not remember being with Paul any time during the two or three weeks prior to the robbery, the alleged robbery, is my recollection. His mother, Mrs. Bibby, we were just not sure what she would say." He said there were several discrepancies in Mrs. Bibby's stories which conflicted with the appellant's version of his whereabouts: "Mrs. Bibby said that he had been on work release and was working, and Paul said he had not worked for a several week period."
Appellant's counsel in chief likewise testified:
 "One thing I would like to clarify is Mrs. Bibby stated — I believe that I'm correct — we were together only one time. That is not true. In reference to the District Attorney's question, even though I don't make extensive notes in my file, I do make notes on what date I do things and who I talk with. My file indicates several contacts with Mrs. Bibby. My file also indicates on the 21st of December, 1979, I have a taped telephone conversation with Mrs. Bibby, at which time she tells me one set of facts. Then the next time I talk with her she tells me another set of facts. . . .
. . . . .
 "Judge, in regards to that telephone conversation, I have a typed transcript of that conversation in my file. The basis for my even approaching the bench again is that there were so many discrepancies and changes in Mrs. Bibby's testimony and differences between, that it was just *Page 75 
a strategy attack, that it would not be in the client's best interest at all to put her on the stand."
In Summers v. State, Ala.Cr.App., 366 So.2d 336 (1978), cert. denied, Ala., 366 So.2d 346 (1979), this court stated concerning a writ of error coram nobis:
 "The function or office of the writ lies to correct a judgment rendered by the court upon errors of fact not appearing on the record and so important that if the Court had known of them at the trial it would not have rendered the judgment. . . . The writ is concerned only with errors of fact. . . . The error of fact must not be apparent on the record . . . and must have been unknown to the Court and to the defendant at the time of trial. . . . The error must be one which, if presented to the trial court, would have prevented conviction, rather than merely causing a different result. . . . In effect, the writ of error coram nobis serves as a motion for new trial on the ground of newly discovered evidence. . . ."
(Citations omitted.)
The evidence in the instant case shows that although the appellant's trial counsel were surprised at the change of dates they did not claim surprise to the trial judge nor ask for a continuance. Their decision not to call the two alibi witnesses was grounded more on the unreliability of the witnesses' potential testimony than upon the change of dates in issue.
On the coram nobis hearing, it was within the province of the trial judge to give more weight to the positive statement of the deputy district attorney that he apprised defense counsel of two dates than to testimony of defense counsel that he did not remember the date of July 19 ever coming up during their discussions.
In a coram nobis proceeding, the petitioner bears the burden of submitting clear, full, and satisfactory proof of facts which, had they been timely submitted at trial, would have prevented judgment. Champion v. State, 45 Ala. App. 188,227 So.2d 818 (1969). The degree of proof is "highly exacting as to facts" and must convince the trial judge of the truth of the allegations in the petition, and the petitioner has the burden of rebutting the presumption of the correctness of the judgment of the trial court. Summers, supra.
In the instant case, the petition alleged that "numerous witnesses" were present at the original trial to testify as to the true whereabouts of the appellant on the date of the crime. However, evidence presented on the coram nobis hearing shows that only two witnesses were present and that their testimony was considered to be worthless by both attorneys for the appellant.
Likewise, the petition alleges that the appellant "has a valid and lawful defense against the said conviction." However, during the coram nobis hearing, not one scintilla of evidence is presented to the trial court to support that allegation. Although the appellant's mother was called as a witness in his behalf on the coram nobis hearing, she merely testified that she was not used as a witness in his original trial. She was not asked and neither did she testify that she could provide an alibi for her son for July 19, 1978. The appellant did not call his girl friend as a witness in the coram nobis hearing to show whether or not she could supply such alibi testimony for July 19.
In the present state of the record, we find that the appellant failed to meet the burden of proof required for the issuance of a writ of error coram nobis. The trial court was, therefore, not in error in denying the writ.
AFFIRMED.
All the Judges concur. *Page 76