Michael D. Holsclaw was indicted, tried and convicted of automobile theft in violation of § 13A-8-3 (b), Code of Alabama 1975. Subsequent to a sentencing hearing, during which the state presented evidence of four prior felony convictions, the trial court sentenced appellant as a "habitual felony offender" to life imprisonment pursuant to § 13A-5-9-(c)(2), Code of Alabama 1975
The conviction for the "underlying substantive offense", i.e theft of an automobile, is not contested on this appeal
The sole issue raised here is whether or not the state must indicate prior to conviction that it intends to proceed against appellant as a "habitual felony offender" after conviction of the "underlying substantive offense."
 I
In the instant case the trial was had without a jury. After the trial court had pronounced the appellant "guilty as charged" it set a sentencing hearing pursuant to § 13A-5-10, Code of Alabama 1975 and Rule 6 (b)(3), Alabama Rules of Criminal Procedure, Temporary Rules. On the date of the conviction, December 9, 1980, the state served written notice to the appellant of the prior convictions upon which state would proceed in the habitual felony offender hearing. The hearing was properly conducted nine days later
By the authority of Oyler v. Boyles, 368 U.S. 448, 452,82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962); Holley v. State, Ala.Cr.App., 397 So.2d 211 (1981), cert. denied Ala.,397 So.2d 217 (1981); Johnson v. State, Ala.Cr.App., 398 So.2d 393
(1981); and Smith v. State, Ala.Cr.App., 401 So.2d 251, 6 Div 495, April 21, 1981, we hold that there is no requirement that a defendant be notified prior to conviction of the state's intent to proceed against him as a "habitual felony offender" What is required is "reasonable notice" prior to the sentencing hearing as prescribed by the Alabama Supreme Court in Rule 6 (b)(3)(ii), Alabama Rules of Criminal Procedure, Temporary Rules
Since sufficient written notice was served on appellant nine days prior to the sentencing hearing, this case is due to be and is hereby affirmed
AFFIRMED
All the Judges concur