LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence for the offense of burglary in the second degree. No question is raised as to the sufficiency of the evidence to support the verdict of the jury finding the defendant guilty, and we are of the opinion that there is no reasonable basis for such a question.
Appellant’s complaint is as to the sentence, which was to life imprisonment pursuant to the Habitual Felony Offenders Act upon proof that defendant had .been convicted of more than three previous felonies.
Appellant's contention is that his “rights under the Due Process and Equal Protection Clauses of the United States Constitution were violated” in that defendant was not given notice before his conviction that the State would proceed against him under said Act. Such a contention has been recently rejected in Holsclaw v. State, 406 So.2d 1019 (Ala.Cr.App.1981), cert. den. 406 So.2d 1020 (1981), wherein it is stated:
“. .. [W]e hold that there is no requirement that a defendant be notified prior to conviction of the state’s intent to proceed against him as a ‘habitual felony offender.’ What is required is ‘reasonable notice’ prior to the sentencing hearing as prescribed by the Alabama Supreme Court in Rule 6(b)(3)(ii), Alabama Rules of Criminal Procedure, Temporary Rules. Id. at 2.”
Appellant’s only other contention is that the Habitual Felony Offenders Act is violative of “the Due Process and Equal Protection Clauses of the United States Constitution in that sole discretion as to whether the statute is invoked lies with the District Attorney’s office.” On the contrary, it was recently stated in Miliner v. State, (Ala.Cr.App., 7 Div. 839, Ms. Aug. 4, 1981):
“. .. It is our judgment, moreover, that whenever the district attorney has knowledge of a defendant’s prior convictions, he must, as an officer of the court, ‘show’ those convictions to the court, so that the trial judge can sentence the accused in accordance with the clear mandate of the recidivist statute. In other words, we do not believe the prosecution has any discretion about whether or not to ‘show’ the prior convictions; if he is aware of the accused’s record he must apprise the court of that fact.”
Our search of the record discloses no error prejudicial to the defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.