This is an appeal by an indigent from an order denying his petition for writ of error coram nobis.
In 1976, appellant entered pleas of guilty to two separate indictments charging a total of eight forgery offenses and two burglary offenses. On September 4, 1979, appellant filed a "Motion to Vacate Sentences and Dismiss Indictment" with the circuit court. After an evidentiary hearing on March 17, 1980, the trial court subsequently denied the motion.
On January 19, 1982, appellant filed the coram nobis petition which is the subject of this appeal. The circuit court denied the petition without a hearing, ruling that appellant had previously been afforded a hearing in 1980. *Page 1233 
Although appellant's "Motion to Vacate Sentence and Dismiss Indictment" is not part of the record, it appears from the transcript of the hearing on that motion (which is a part of the record), that the issues in 1980 were (1) whether appellant's confessions were coerced; and (2) whether a letter purportedly written by a Dale County law enforcement officer to the State Pardons and Paroles Board recommending an early parole for appellant because he was "not guilty" of the offenses entitled him to a new trial.
Appellant's coram nobis petition reasserts the same issues determined in March, 1980, along with a further allegation that, at the time of his guilty pleas, his court-appointed counsel was ineffective because he had had a conflict of interest as a part-time city prosecutor or city judge.
Former Supreme Court Rule 50, which has now been superseded by the Rules of Appellate Procedure, provided the following:
 ". . . and the sentencing court shall not be required to entertain a second or successive petition for similar relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard."
(quoted in Rickard v. State, 44 Ala. App. 281, 207 So.2d 422
(1968). Although former Rule 50 is no longer the law, the policy underlying it is still valid. If a petitioner may not assert as grounds for a coram nobis petition facts he knew or should have known at trial, see Echols v. State, 276 Ala. 489,164 So.2d 486 (1964), certainly he may not allege, in a second
coram nobis petition, facts he knew or should have known at the time of filing a first petition for post-conviction relief.
Appellant's coram nobis petition affirmatively shows that, prior to the March 17, 1980 hearing he knew of his attorney's part-time city judge status. Appellant's own testimony during the hearing indicates that his attorney "was not talking right because he's the City Judge. That's one reason he didn't want to investigate."
Appellant cites Ellison v. State, 406 So.2d 439 (Ala.Cr.App. 1981), for the proposition that he should have been given a hearing on his allegations of ineffective counsel. In Ellison
however, Judge Bowen noted that the record there contained "no evidence to contradict petitioner's allegations."
The record in appellant's case demonstrates not only that appellant himself knew of the facts relating to ineffective counsel at the time of his first hearing, but the trial judge also heard evidence on that point in March, 1980. It is our judgment, therefore, that the Dale Circuit Court was correct in denying the petition without a hearing.
AFFIRMED.
All the Judges concur.