This is an appeal from the denial of a petition for writ of error coram nobis.
Petitioner alleges that he is entitled to a new trial because he waived his right to a trial by jury based on the false representation of appointed counsel that if the case were tried without a jury the judge would "throw out" the case for insufficient evidence.
At the hearing on the petition, petitioner was the only witness to testify. A copy of the jury waiver form signed by the defendant states, in part, "This waiver is made voluntarily and without threat, promise or hope of reward and is made on and with advice of counsel." Petitioner did not attempt to call his appointed trial counsel to testify. *Page 1187 
The State introduced no evidence to rebut petitioner's testimony. Appellate counsel argues that since petitioner's allegations are undisputed and uncontroverted the petition was due to be granted.
"The petitioner bears the burden of submitting clear, full and satisfactory proof which extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court on the merits and allegations of the petition." Corley v. State,397 So.2d 223, 225 (Ala.Cr.App.), cert. denied, Ex parteCorley, 397 So.2d 225 (Ala. 1981). "Clear, full and satisfactory" proof "entail(s) more than that enunciated in the scintilla rule" and "clear is highly exacting as to proof of facts, and always means more than reasonably satisfying."Burden v. State, 52 Ala. App. 348, 350, 292 So.2d 463 (1974).
The decisions of the appellate courts of this state "clearly show that the judge must `believe' the testimony and that the burden on petitioner is to submit clear, full and satisfactoryproof of his assertions for relief." Seibert v. State,343 So.2d 788, 790 (Ala. 1977) (emphasis in original); Bibby v.State, 394 So.2d 73, 75 (Ala.Cr.App. 1980), cert. denied, Exparte Bibby, 394 So.2d 76 (Ala. 1981); Summers v. State,366 So.2d 336, 343 (Ala.Cr.App. 1978), cert. denied, Ex parteSummers, 366 So.2d 346 (Ala. 1979).
In considering a petition for writ of error coram nobis, a court may and should determine the "reasonableness of the allegations made in the petition and the probability or improbability of their truth." Taylor v. Alabama, 335 U.S. 252,262, 68 S.Ct. 1415, 1420, 92 L.Ed. 1935 (1948); Johnson v.Williams, 244 Ala. 391, 394, 13 So.2d 683 (1943). See alsoBlackledge v. Allison, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630,52 L.Ed.2d 136 (1977) ("palpably incredible" or "patently frivolous or false"). A court is not bound to accept at face value the allegations of the petition. Ex parte Williams,268 Ala. 535, 537-38, 108 So.2d 454 (1959).
Where the judgment of conviction and record on which it is based are valid on their face, there is a presumption that the judgment was procured by due process of law.
 "In a proceeding for a writ of error coram nobis . . ., the judgment of conviction carries with it a (rebuttable) presumption of regularity, validity, or legality, and such judgment of conviction is not lightly to be set aside, nor is such judgment lightly to be vacated, petitioner not being presumed innocent, but being deemed to be prima facie guilty. So, there is a presumption of regularity in the judicial process in that those charged with the administration of justice have performed their duties properly."
24 C.J.S. Criminal Law, Section 1606 (30)(b) (1961).
See also Ware v. State, 44 Ala. App. [660] 679, 219 So.2d 416
(1969).
In this case, the petitioner did not carry the heavy and severe burden he has to impeach a judgment of conviction which is presumed valid. The petitioner's testimony is contradicted by the jury waiver form he signed before his trial. His testimony alone is not sufficient to overcome the presumption of reliability which attaches to that document. See Howard v.State, 280 Ala. 430, 433, 194 So.2d 834 (1967) (holding that the presumption of reliability which attaches to the recital in a judgment entry ordinarily cannot be overcome by the mere statement of a petitioner that the judgment entry is incorrect).
The petitioner made no attempt to subpoena his trial counsel to verify his allegations. While we would expect counsel to be reluctant to testify to the fraud he allegedly perpetrated upon the petitioner, the total failure of petitioner to even attempt to obtain his testimony seriously jeopardizes his own credibility.
Because the petitioner's testimony was contradicted by the jury waiver form, we find no evidence that the trial judge arbitrarily ignored the petitioner's testimony or violated the rule that the mere fact that testimony is not "plausible" does not destroy its probative effect. King v. Brindley, 255 Ala. 425,430, 51 So.2d 870 (1951). In this case, the trial judge could very properly have found that the petition is "based *Page 1188 
upon assertions of alleged facts, which have originated in the fertile mind of (a) cunning criminal." Cooper v. Wiman,273 Ala. 699, 701, 145 So.2d 216 (1962).
We also do not consider this issue as being timely raised. The only issue raised on direct appeal dealt with the Habitual Felony Offender Act. Holsclaw v. State, 406 So.2d 1019
(Ala.Crim.App.), cert. denied, Ex parte Holsclaw,406 So.2d 1020 (Ala. 1981). After the opinion of this Court was issued, different appellate counsel was appointed for the petitioner. On rehearing, that counsel raised the insufficiency of the evidence and the improper waiver of a jury trial. In brief on appeal of the denial of the petition for writ of error coram nobis, appellate counsel states, "The issue relative to the denial of a jury trial did not raise the same issue that is being raised on this petition." Because the alleged fraud was known to the petitioner when the trial judge found him guilty, it constitutes newly disclosed evidence rather than newlydiscovered evidence.
 "A writ of error coram nobis is appropriate only when the petitioner's claim is based on facts he or she did not know and could not have discovered at the time of trial. . . . If the petitioner could have discovered the information in time to prevent the original conviction `by the exercise of reasonable diligence', he or she cannot use the remedy of coram nobis." Postconviction Remedies In Alabama, 29 Ala.L.Rev. 617, 635 (1978).
The petition was also properly denied for another reason. Nowhere does the petitioner aver and prove that he was innocent of the crime of which he stand convicted. Seibert, 343 So.2d at 789. In this case, this failure of the petitioner to aver his innocence is fatal. Summers v. State, 366 So.2d 336, 345
(Ala.Cr.App. 1978), cert. denied, Ex parte Summers,366 So.2d 346 (Ala. 1979).
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.