LEIGH M. CLARK, Retired Circuit Judge.
This appellant, while a prisoner at Elmore, Alabama, serving a life sentence for rape, filed a handwritten pro se petition for writ of error coram nobis in July 1982, in which he alleged, inter alia, that his conviction and sentence occurred in 1959, that he was represented by an attorney at the time and that his then attorney (who has since died) agreed in the presence of the judge (who also has since died) that this appellant would plead guilty in the case of rape with the understanding that the case of robbery then pending would be nol-prossed and the sentence to imprisonment for life would be imposed upon him in the rape case, for which he is now imprisoned, on the judgment of conviction and sentence upon his plea of guilty. It is further alleged in the petition that the judgment of sentence was invalid in that the crime of rape at the time was a capital offense and that under the law at that time it was required that a jury fix the punishment in a capital case, even upon the entry of a plea of guilty, but that punishment was fixed and imposed by the trial judge without the intervention of a jury. In the concluding paragraph of the coram nobis petition, it is stated in appellant’s exact wording:
“Petitioner alleges that his attorney and the court was well aware that a defendant couldn’t plea guilty in a captive case in 1959. But this was the easy way to do it. They showed no regard for the Law or the Petitioner Constitutional rights.”
The record before us shows that the court hearing the coram nobis petition directly involved in the instant appeal proceeded to render a final judgment and enter the judgment on the bench notes of the 1959 case in which appellant was sentenced to life imprisonment for rape, which judgment upon the coram nobis proceeding directly involved is in pertinent part as follows:
“This the 22nd day of July, 1982, the defendant has filed a subsequent petition for writ of error coram nobis. September 29, 1966, the State files motion to dismiss petition for writ of error coram nobis and said motion was granted by Honorable Alta King, circuit judge, subsequent to that time, to wit: on April 24, 1978, the defendant filed a second petition for writ of error eoram nobis, and said petition was dismissed pursuant to *90 Rule 50. Said dismissal was appealed to the Alabama Court of Criminal Appeals, and this Court appointed David Hassinger, Attorney, to represent said defendant on said appeal. The Alabama Court of Criminal Appeals dismissed said appeal. The defendant on this date, has filed a new petition for writ of error coram no-bis. Said petitioner alleges the same or similar grounds as decided in defendant’s previous petition for writ of error coram nobis. Therefore, after the petition for writ of error coram nobis being duly considered by the Court, it is hereby ordered, adjudged and decreed by the Court that the petition for writ of error coram nobis be and the same is hereby dismissed].”
The record before us further shows that on August 17, 1982, the petitioner gave notice of appeal, that the court found that appellant was indigent, ordered a free transcript and appointed an attorney to represent him on appeal, who has filed a brief in appellant’s behalf.
The record before us also shows that prior to a submission of this case on appeal, a motion was filed in the trial court by each of the parties hereto to supplement the record. Each of the motions was granted by the trial court, and we now have before us a supplemental transcript, which includes many documents not found in the original transcript on appeal. Included in the supplemental transcript are: (1) a copy of this appellant’s petition for writ of error coram nobis filed April 19,1978; (2) respondent’s motion to dismiss the petition; (3) petitioner’s “motion in transverse to State’s motion to dismiss”; (4) a trial docket entry of July 22, 1982, which includes the judgment of the trial court dismissing the cor-am nobis petition directly involved on this appeal, as quoted above; (5) a trial docket entry of April 24, 1978, dismissing the then pending coram nobis petition; and (6) several barely legible trial docket entries between May 1965 and July 29,1966, purporting to refer to a petition for writ of error coram nobis, the entries being made by Judge King, since deceased. The last entry made by Judge King of July 29, 1966, is: “State files motion to dismiss petition for writ of error coram nobis. Motion granted. Defendant excepts. King, J.”
We do not have before us a copy of the petition for writ of error coram nobis filed by this appellant during the life of Judge King, and, therefore, we are unable to determine whether the allegations of the cor-am nobis petition considered by him (the first petition) were essentially the same as those set forth in either the second or third petition, but we are convinced that the second petition and the third petition are essentially the same.
Appellant’s attorney sets forth in his brief as the pivotal issue for determination a strong contention that it was reversible error for the trial court to relieve “the jury of its statutory duty to fix punishment”. He finds support in that position in Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858 (1955), which held that under the law at that time it was mandatory in a capital case, even when a plea of guilty to the capital crime had been entered and accepted, that a jury fix the punishment and that it was reversible error for the trial court to sentence the defendant without the punishment having been fixed by the jury. Without attempting to refute the issue presented by the appellant, which we will hereafter consider further, appellee counters with an unrelated contention that it urges as dispositive of this appeal, which we now consider.
Appellee contends that the dismissal of the petition for writ of error coram nobis which forms the basis of this appeal was correct for the reason that, as shown by the transcript now before us, such petition alleged in essence “the same grounds as his prior petitions.” As indicated above, we are unable to determine whether the last petition sets forth the same grounds as both of the prior petitions, but we are convinced that it sets forth in essence the same grounds as those set forth in the 1978 petition.
But for a particular feature of the case now under consideration, appellee finds ad *91 equate support for its contention for an affirmance of the judgment of the trial court in McLeod v. State, Ala.Cr.App., 415 So.2d 1232, 1233 (1982), wherein it is stated:
“Appellant’s coram nobis petition reasserts the same issues presented in March, 1980, along with a further allegation that, at the time of his guilty pleas, his court-appointed counsel was ineffective because he had had a conflict of interest as a part-time city prosecutor or city judge.
“Former Supreme Court Rule 50, which has now been superseded by the Rules of Appellate Procedure, provided the following:
“‘... And the sentencing court shall not be required to entertain a second or successive petition for similar relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard.’
“(Quoted in Rickard v. State, 44 Ala.App. 281, 207 So.2d 422 (1968)). Although former Rule-50 is no longer the law, the policy underlying it is still valid. If a petitioner may not assert as grounds for a coram nobis petition facts he knows or should have known at trial, see Echols v. State, 276 Ala. 489, 164 So.2d 486 (1964), certainly he may not allege, in a second coram nobis petition, facts he knew or should have known at the time of filing a first petition for post-conviction relief.
“Appellant’s coram nobis petition affirmatively shows that, prior to the March 17, 1980 hearing, he knew of his attorney’s part-time city judge status. Appellant’s own testimony during the hearing indicates that his attorney ‘was not talking right because he’s the City Judge. That’s one reason he didn’t want to investigate.’
“Appellant cites Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981), for the proposition that he should have been given a hearing on his allegations of ineffective counsel. In Ellison however, Judge Bowen noted that the record there contained ‘no evidence to contradict petitioner’s allegations.’
“The record in appellant’s case demonstrates not only that appellant himself knew of the facts relating to ineffective counsel at the time of his first hearing, but the trial judge also heard evidence on that point in March, 1980. It is our judgment, therefore, that the Dale Circuit Court was correct in denying the petition without a hearing.”
From the quotation from the eommend-ably concise opinion in McLeod v. State, supra, it is to be observed that the rationale of the conclusion therein is that there had been a previous hearing of a coram nobis petition by the same petitioner that constituted a prior adjudication of the issue presented by the subsequent petition, which distinguishes McLeod and other like cases from the instant case, in that, as far as we can tell from the record before us, there has never been an evidentiary hearing as to the issue presented by any of this appellant’s petitions for writ of error coram nobis.
We now revert to a consideration of Ex parte Jenkins, supra, upon which appellant wholeheartedly relies for a reversal. In that case, the jurisdiction of the then Alabama Court of Appeals was invoked by a petition thereto for writ of error, which procedure has since been largely supplanted by a petition to the trial court for writ of error coram nobis. The Court of Appeals granted the writ, reviewed the judgment of the trial court adjudging defendant-petitioner guilty on his plea of guilty of robbery, punishable at the time “at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years.” Code of Alabama Recompiled 1958, Tit. 14 § 415. In holding that the punishment should not have been determined without the intervention of a jury, the judgment of conviction and sentence *92 was reversed and the cause remanded to the trial court.
It is understandable that appellant finds comfort in Ex parte Jenkins, supra. However, Isbell v. State, 42 Ala.App. 498, 169 So.2d 27 (1964), rendered after a change in the procedure for obtaining a writ of error coram nobis by providing that it was not necessary to obtain approval of the appropriate appellate court before petitioning the trial court for such post conviction relief, casts considerable doubt upon any conclusion that consistency with Jenkins requires a reversal in the instant case. We now quote the entire opinion in Isbell v. State:
“This is an appeal from denial of relief under coram nobis. Under Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, had the appellant applied here for a writ of error, he would have got himself another trial, and we may add another sentence (even unto death) without credit for any time already served.
“Originally Isbell was indicted for robbery, a capital felony punishable only by a jury. Code 1940, T. 14 § 415. He pled guilty. The judge rather than the jury fixed punishment.
“We were confronted with a like claim in Thomas v. State, 40 Ala.App. 697, 122 So.2d 535, a habeas corpus appeal. There we refused to consider due process had been breached in a clear case of invited error.
“Here, too, we consider the judgment should be “Affirmed.”
Whether Isbell v. State is distinguishable from the instant case as a precedent for a reversal for the same reason that we have distinguished McLeod v. State, supra, and like cases as precedents for an affirmance, i.e., that in McLeod and other cases relied upon by appellee there was an evidentiary hearing, is somewhat questionable. However, the language of the opinion, “This is an appeal from a denial of relief under coram nobis,” indicates that there was a hearing of the petition and that such hearing was not ex parte.
As much as our disinclination might be to breathe life into an issue that was apparently dead for so long, we are of the opinion that there should have been a hearing of this appellant’s last petition for writ of error coram nobis and an opportunity for him to be present at the hearing and participate therein pro se or by counsel. In the present state of the record, our duty is not as clear as we should like for it to be as to whether there should be an affirmance or a reversal. A hearing may not supply the answer, but we are confident that it will help and be without harm to either party. It is suggested that at such a hearing, an inquiry as to the reason for the delay of twelve years, the period between the dismissal of the 1966 petition and the filing of the 1978 petition, would be worthy of investigation.
In our opinion the cause should be remanded to the trial court to set a time for a hearing, an evidentiary one in the event of any factual issue, of this appellant’s last petition for writ of error coram nobis, order that adequate arrangements be made for the attendance of petitioner and his counsel, give notice to the State in order for it to be represented by counsel at the hearing, render a judgment granting or denying a writ of error, and in due course make a return to this order of remandment with notice thereof to each of the parties. Either party aggrieved thereby will have twenty-eight days within which to file a brief and the opposing party will have fourteen days thereafter to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur, except BOWEN, P.J., who dissents.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
On April 5, 1984, there was filed with the Clerk of this Court a transcript of *93 the record of proceedings “AFTER RE-MANDMENT” that shows precise and plenary compliance with the directions set forth in our opinion on original submission in remanding the case to the trial court. An evidentiary hearing was conducted, at which this appellant was present and represented by counsel, which included his previous counsel on this appeal as co-counsel and new counsel appointed by the Court, all to the express satisfaction of the appellant. During the lengthy testimony of appellant-petitioner, he made it clear that there had been evidentiary hearings of his previous petitions for writ of error coram nobis, which included an evidentiary hearing conducted by Judge King, the now deceased judge who adjudged him guilty as charged in an indictment for rape and sentenced this appellant to imprisonment for life. However, appellant’s testimony did not include an admission by him that in his petition for writ of error coram nobis heard by Judge King there was a ground asserted therein that his punishment was not fixed by a jury. Nevertheless, in the typed petition that is signed by this appellant and was ruled upon by Judge King, there is the following paragraph:
“The Petitioner further contends that the fact that he was just put to trial without a jury on a capital felony, deprived him of his rights. See: Smith v. State, 11 Ala.App. 153, 155, 65 So. 693; Gandy v. State, 1962. The record must show affirmatively a compliance with the requirements of the statute as to the jury for the trial of a person indicted for a capital felony. In a capital case the Court must cause the punishment to be fixed by a jury. Applied in Howard v. State, 165 Ala. 18, 50 So. 954; cited in Martin v. State, 62 Ala. 240, 242.”
By the transcript now before us, we have ■ the benefit of the “ORDER AND JUDGMENT OF THE COURT,” signed by Judge King dated September 29, 1966, which recites, inter alia, “The Court being of the opinion that the evidence elicited from said Petitioner was not sufficient, as a matter of law, denied said petition and granted the State’s Motion to Dismiss.”
After the evidentiary hearing conducted by the trial court in accordance with the remandment with directions, the trial court rendered an “ORDER AND JUDGMENT OF THE COURT ON REMAND FROM THE ALABAMA COURT OF CRIMINAL APPEALS,” in material part as follows:
“As shown by State’s Exhibit No. 2, the Hon. Alta L. King, Circuit Judge, did dismiss the Petition for Writ of Error Coram Nobis, having considered all the issues alleged in said petition. The essential issues in said petition of 1965 were alleged again in the Petition for Writ of Error Coram Nobis filed by the defendant in 1978. This Court at that time dismissed said petition. Further, substantially the same grounds were alleged in the Petition for Writ of Error Coram Nobis filed in 1982, which resulted in the present appeal and present remand.
“All matters having been previously heard by virtue of a Petition for Writ of' Error Coram Nobis, this Court feels that said petition in 1982 should be and is hereby dismissed....
“Having complied with the remandment from Alabama Court of Criminal Appeals and having now dismissed the Petition for Writ of Error Coram Nobis; it is, therefore, CONSIDERED, ORDERED, ADJUDGED and DECREED that the petition of Ernest McCoy 1982, be and the same is hereby denied and dismissed. And it is further ordered that a transcript of these proceedings along with the exhibits be forwarded to the attorneys for the defendant, to the District Attorney for the Tenth Judicial Circuit of Alabama and to the Alabama Court of Criminal Appeals, showing that this Court has complied with the order of the remandment.”
We agree with the decision of the trial court on the evidentiary hearing after remand. Neither party, by an attorney or otherwise, has filed a brief challenging the correctness of the trial court’s order and *94 judgment on remand. The judgment of the trial court should now be affirmed.
AFFIRMED.
All the Judges concur.