LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from an order denying this appellant’s petition for writ of error coram nobis, which order, according to the minute entry in the case in the trial court, is as follows:
“This the 6th day of October, 1983, ruling on Motion for Writ of Error Coram Nobis filed by defendant on October 5, 1983, in this Court is as follows:
“The defendant, Paul D. Bibby, alias Jim Bibby, Jr., was tried and convicted of Robbery on February 26, 1980. Appeal was taken, affirmed and certiorari denied by the Supreme Court. The first Coram Nobis was filed, hearing denied, appealed by attorney, denial affirmed by Court of Appeals. Numerous other petitions, motions, Habeas Corpus Petitions (one of which was filed in U.S.D.C. and denied) have been filed inundating this Court. An example of one order as follows: ‘September 29, 1982: Defendant, (from Shadow Mt. Corr. Facility, Colorado), files Petition for Coram Nobis, a brief in support thereof, a Forma Pauperis Petition, Motion for Appointment of Effective Counsel; Petition for Writ of Habe-as Corpus Ad Prosequendum and Associated Papers. Each and every petition, motion, writ and request is overruled and denied ... ’ Petitioner’s sole allegation of error (Coram Nobis) is that his representation at the trial (in which he was found guilty of robbery and sentenced to 20 years on February 26, 1980) was so ineffective that he was denied his right to the assistance of counsel ... ’ This allegation has already been heard on a prior Coram Nobis Hearing and defendant has a complete transcript of the hearing on April 8, 1980. This Court denied the petition and in a unanimous opinion, 394 So.2d 73, the Alabama Court of Criminal Appeals affirmed this Circuit Court’s denial of Petition for Error Coram Nobis. The defendant, of course, was represented by a new attorney in the above-referred to hearing. The Alabama Supreme [Court] denied certiorari, 394 So.2d 76.’ This last petition alleges same point covered in the Criminal Court of Appeal’s opinion on the case and the Coram Nobis opinion. This last Petition being duly considered by the court and *1021 the same is hereby denied and overruled.”
The only issue on appeal as to which the parties are in disagreement is as to whether the trial court was correct in concluding in the instant case that petitioner’s claim that he had not received effective assistance of counsel in the case in which he had been convicted of robbery had been judicially determined adversely to him in the coram nobis proceeding between the same parties as this proceeding, in Bibby v. State, Ala.Cr.App., 394 So.2d 73, cert. denied, Ala., 394 So.2d 76 (1980). We are persuaded, as appellee’s attorney urges, that the gravamen of the petition in the cited case was not as to whether petitioner had received effective assistance of counsel in the robbery case but whether he had been deprived of due process of law by reason of misinformation that had been furnished defendant’s counsel as to the date of the alleged robbery. Two paragraphs of said previous coram nobis petition are as follows:
“Your Petitioner respectfully shows that said conviction was unlawfully and improperly taken against him in consequence of the fact that long before the trial date, the District Attorney of Jefferson County, through his Deputy District Attorneys, informed Petitioner’s counsel that the alleged offense occurred on July 27, 1979. Said counsel ... relying on this assertion by the District Attorney prepared his case around said date. Numerous witnesses were present on behalf of your Petitioner at the trial to testify as to his true whereabouts on said date. “On the date the trial was had, after these witnesses were excused from the Courtroom pursuant to the rule being invoked, it became apparent that the District Attorney’s office, prosecuting on behalf of the State, presented testimony to show that the alleged offense occurred on July 19, 1979, as opposed to the earlier date given, July 27, 1979. Under these facts your Petitioner was denied the due process of law guaranteed by the Constitution of the United States.”
Two paragraphs of the trial court’s order in Bibby v. State, supra, by the same trial judge as the trial judge who rendered the order from which the present appeal was taken, are as follows:
“Based on the testimony, heard this date, the Court is of the opinion that the potential witnesses of the defendant, namely his mother and girl friend and the defendant himself (although he probably would not have testified if an alibi had been attempted, because of prior felony convictions) were unable to substantiate his alibi for either date. A disagreement apparently developed between defendant and his witnesses prior to the trial or during the State’s testimony, as to where defendant was on the two dates in question. There apparently would have been a disagreement between the only potential witness who testified today and the defendant. The testimony at this point is, at best, questionable. Petitioner has not established his right to relief by clear and satisfactory evidence and has not carried the burden the law requires as to a coram nobis petition.
“The Court is of the opinion that the trial was fairly conducted and none of defendant’s Constitutional rights were evaded; that Petitioner is not entitled to the relief sought and Petitioner is remanded to the custody of the Department of Corrections.” [1]
That which we thus accept as the correct reproduction of the trial court’s order in Bibby v. State, supra, makes it reasonably clear that the gravamen of the previous coram nobis petition in the same trial court *1022 and before the same trial judge was the alleged misinformation given to defendant’s counsel by counsel for the State as to the date of the alleged robbery and that, as a result thereof, defendant and his counsel were unable to defend the case successfully. It seems to us that the gravamen in the 1980 petition was not the same as the gravamen of the petition in the instant case. The argument between appellant and appellee on the point is in some respects a mere logomachy, but we conclude therefrom and from the record proper and transcript before us that the gravamen of both petitions was based upon the same alleged facts, the same incident in two aspects: in one, that the State had incorrectly informed defendant’s attorney as to the date of the robbery and, in the other, that defendant’s counsel failed to properly represent the defendant by adequate investigation as to whether the information he received from State’s counsel was correct.
If the judgment of the court in the previous case were a judgment in any proceeding other than a coram nobis proceeding, or the like, we should readily determine that the principle of res judicata mandated a denial of the second petition without an evidentiary hearing. As to coram nobis petitions, which have proliferated immensely in the last few decades, the issues adjudicated therein have been characterized uniformly as “quasi res judicata,” as noted by our now Presiding Judge Bowen, with a citation of several authorities, in Bies v. State, Ala.Cr.App., 418 So.2d 940 (1982). One of the authorities cited is that of Waldon v. State, 284 Ala. 608, 227 So.2d 122 (1969), in which Chief Justice Livingston stated:
“Even where other grounds are alleged in the second petition, this Court has held that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second coram nobis petition relating to the same conviction.”
The claim that defendant was not afforded effective assistance of counsel is so closely and inextricably involved in the claim in the former coram nobis petition, considered on appeal in Bibby v. State, supra, that “cogent and compelling reasons” cannot be given, and have certainly not been given, why the ground relied upon in the last petition was not included in the former petition. It follows that the judgment of the trial court in this case should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

. We should make it clear that this quotation is not from the record proper or the transcript of the proceedings in the case upon which the instant appeal is based. We find it in appellant’s brief, which would not be appropriate for us to consider as a correct reproduction of the record proper or the transcript, but as it is not challenged by appellee and as, if incorrect, the incorrectness thereof could be determined by the record on appeal in the previous case of Paul D. Bibby v. State, Ala.Cr.App., 394 So.2d 73, we forgo a definitive rejection thereof at this time and proceed to consider the purported quotation thereof in appellant’s brief as correct.