LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment denying this appellant’s petition for writ of error coram nobis. The petition was pro se and was executed and verified by petitioner on December 15, 1983, while confined in an Alabama correctional facility in Jefferson County. It was filed before the end of 1983 in the office of the Clerk of the Circuit Court of Lee County. In accordance with a request of the petitioner, the court appointed qualified counsel to represent him and the petition came on for hearing in said court on April 13,1984, with petitioner and his appointed attorney present.
The gravamen of the petition was to the effect that the guilty plea upon which this appellant was convicted of rape in 1979 in the Circuit Court of Lee County was not voluntarily, intelligently and understandingly interposed by him and for that reason the judgment of conviction and sentence thereon was invalid and should be vacated. The circuit judge who conducted the hearing on the petition was the same judge who had rendered the judgment of conviction in the rape case and had sentenced this appellant to imprisonment, which sentence he continues to serve.
The transcript before us contains a transcript of the hearing in October 1979 showing the defendant’s withdrawal of his previous pleas of not guilty and not guilty by reason of insanity to the charge of rape and sets forth the colloquy among the trial judge, the defendant, and the defendant’s attorney, which presumptively shows that his plea of guilty was voluntarily, intelligently, and understanding^ entered and that all requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were met, and there is no contention to the contrary.
The crucial issue on the hearing of the coram nobis petition was as to whether defendant’s trial counsel in the rape case properly informed petitioner of his rights and fully apprised him of the innocuous status of his prior juvenile court record and his purported confession of the alleged rape. There is no dispute between the parties as to the proposition that as this appellant was a juvenile at the time of the claimed confession, the confession could not have been used against him on the trial of the rape case and further that his unfavorable record as a juvenile offender could not be used against him in enhancement of his punishment in the event of his conviction of the alleged rape. Petitioner’s testimony on the coram nobis hearing was definitely and strongly to the effect that he was not advised by his then-attorney of such provisions of law beneficial to petitioner while he was a defendant in the rape ease and that the failure of his attorney to so advise him was a factor in his decision to plead guilty. His trial attorney was not as certain in his recollection as to the particular points. His testimony on the coram nobis hearing was in pertinent part as follows:
“Q. Okay. Did you discuss with the defendant, Ricky Holman, you know, his prior record and what the effect of that could be in Court, or anything along those lines? He’s raised some questions along that line.
“A. Mr. Holman told me he had a juvenile record, one for burglary one, one for burglary two, and one for assault with a weapon. Very frankly, I don’t recall what I may have said to Mr. Holman about that. But I do have that in my notes that he told me that.
“Q. In regards to the confession that he made, did you tell him that in your opinion, based on the law, that that confession — that he would have legal objections *1037 to that confession, based on the fact that he was a minor?
“A. I did. And I filed a motion to suppress with the court.”
Our review of the transcript of the evidence on the hearing of the coram nobis petition convinces us that the trial judge was in a better position than are we to determine the truth of the crucial factual issue in the proceeding and that the judgment of the trial court should be affirmed. We are convinced that the evidence presented by petitioner fails to meet the following standard:
“A petitioner in a coram nobis proceeding has the duty to establish his right to relief by ‘clear, full and satisfactory proof.’ Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969). The degree of persuasion — clear, full and satisfactory — entails more than that enunciated in the scintilla rule. ‘Clear’ is highly exacting as to proof of facts and always means more than ‘reasonably satisfying.’ Burden v. State, 52 Ala.App. 348, 292 So.2d 463 (1974).” Lewis v. State, Ala.Cr.App., 367 So.2d 542, 545 (1979).
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.