McMillan, judge.
From a denial of appellant’s petition for writ of error coram nobis, after an eviden-tiary hearing on the merits, this appeal follows. For the reasons outlined below, the decision of the trial court is affirmed.
On December 8, 1980, the appellant was convicted of the offense of theft of an automobile, in violation of § 13A-8-3(b), Code of Alabama (1975), and sentenced as a habitual offender to life imprisonment. On appeal, this court affirmed the conviction and sentence. Holsclaw v. State, 406 So.2d 1019 (Ala.Cr.App.), cert, denied, 406 So.2d 1020 (Ala.1981). The sole issue raised in the direct appeal concerned the application of the Alabama Habitual Felony Offender Act for sentence enhancement purposes.[1] This court’s opinion noted that the “conviction for the ‘underlying substantive defense,’ i.e. theft of an automobile is not contested on this appeal.” Id. at 1020.
In 1982, the appellant filed a petition for writ of error coram nobis. The following issue was raised in the 1982 petition:
“Petitioner alleges that he is entitled to a new trial because he waived his right to a trial by jury based on the false representation of appointed counsel that if the case were tried without a jury the judge would ‘throw out’ the case for insufficient evidence.” Holsclaw v. State, 429 So.2d 1185, 1186 (Ala.Cr.App. 1983).
This court, in affirming the trial court’s denial of the petition, concluded that the appellant failed to timely raise the issue and noted, inter alia, that “the petitioner made no attempt to subpoena his trial counsel to verify his allegations.” Id. at 1187.
On January 26,1984, the appellant filed a second petition for writ of error coram nobis, alleging, in part, that he was “denied effective assistance of counsel at trial and on direct appeal.”[2] After counsel was appointed to represent the appellant, a full evidentiary hearing on the merits was conducted. At this hearing on the second petition, testimony was taken from trial counsel who had represented the appellant in the 1980 proceedings. On November 6, 1984, the Honorable Lynwood Smith, Circuit Judge, Madison County, Alabama, entered the following order:
“Upon consideration of the pleadings, the evidence adduced ore tenus on November 8, 1984, the arguments and contentions of counsel (both for the state and for the defendant) and upon a review of exhibits introduced at trial, the court is of the opinion that [the petition] is due to be denied.”
It is from this denial of appellant’s second petition for writ of error eoram nobis that the present appeal is filed.
The sole issue raised on appeal is stated as follows: “whether the trial court erred in overruling Appellant’s writ of error cor-am nobis based on denial of effective assistance of counsel.” The thrust of the appellant’s argument is that he did not voluntarily waive his right to a jury trial. According to the appellant, he executed the jury waiver form only after trial counsel assured him that the case would be “thrown out” for lack of evidence. Also, according to the appellant, trial counsel assured him that there was an “agreement” with the court that the case would *447 be “thrown out” if he agreed to waive his right to a jury trial. Of course, no one, other than the appellant, testified at the hearing that such an “agreement” existed.
At the evidentiary hearing, the Honorable John D. Snodgrass, Circuit Judge, Madison County, Alabama, testified that he was the trial court judge at the 1980 bench trial and recalled that the appellant’s decision to waive his right to a jury trial was “unusual.” A practicing attorney was called on behalf of the appellant and stated that, in his opinion, trial counsel’s recommendation to the appellant that he waive his right to a jury trial in this case was “incompetent.”
On behalf of the state, trial counsel from the 1980 proceeding testified. Counsel stated that he discussed with the appellant his right to a trial by jury. According to counsel, he satisfied himself that the appellant’s waiver of the jury trial was knowingly made. Counsel denied that he told the appellant of some “agreement” with the court or the State that the case would be thrown out for lack of evidence. Counsel stated, however, that he felt at the time that the state’s case was weak because it was primarily circumstantial. To rebut the appellant’s claim that trial counsel was incompetent, testimony was presented from an experienced trial attorney who stated that, in his opinion, trial counsel was competent.
Appellant argues that trial counsel did not determine whether his waiver of his right to a jury trial was “voluntarily and knowingly entered into”; that trial counsel did not provide him with a “proper, understanding of the law”; and that counsel did not inform him that he was facing a possible term of life imprisonment. Appellant relies heavily on contradictory testimony presented at the hearing that trial counsel’s recommendation to waive the trial by jury was “in itself incompetent.” Appellant argues that his bench trial was: “an empty show; without substance; a mock trial modeled after the real thing; an imitation.”
Appellant has failed to establish that these issues could not have been raised in the 1982 error coram nobis proceeding, where he was represented by able counsel and also had an evidentiary hearing. In upholding the trial court’s denial of the 1982 petition, this court stated as follows:
“The only issue raised on direct appeal dealt with the Habitual Felony Offender Act. [Citation omitted.] After the opinion of this court was issued, different appellate counsel was appointed for the petitioner. On rehearing, that counsel raised the insufficiency of the evidence and the improper waiver of a jury trial. In brief on appeal of the denial of the petition for writ of error coram nobis, appellate counsel states, ‘The issue relative to the denial of a jury trial did not raise the same issue that is being raised on this petition.’ Because the alleged fraud was known to the petitioner when the trial judge found him guilty, it constitutes newly disclosed evidence rather than newly discovered evidence. (Emphasis in original.)” Holsclaw v. State, 429 So.2d 1185, 1188 (Ala.Cr.App.1983).
Here, it is apparent that the appellant is attempting to raise certain issues that could have been, and should have been, presented in either the 1980 direct appeal or the 1982 petition for writ of error coram nobis.
In a case which factually resembles the present case, this court, per the Honorable Leigh M. Clark, Retired Circuit Judge, concluded that the “effective assistance of counsel” claim which was raised in a second petition for writ of error coram nobis was so “closely and inextricably” involved in the former error coram nobis petition that a denial of the subsequent petition was appropriate. Bibby v. State, 455 So.2d 1020, 1022 (Ala.Cr.App.1984). In reaching this decision, this court reasoned as follows:
“If the judgment of the court in the previous case were a judgment in any proceeding other than a coram nobis proceeding, or the like, we should readily determine that the principle of res judica-ta mandated a denial of the second peti *448 tion without an evidentiary hearing. As to eoram nobis petitions, which have proliferated immensely in the last few decades, the issues adjudicated therein have been characterized uniformly as ‘quasi res judicata,’ as noted by our now Presiding Judge Bowen, with a citation of several authorities, in Bies v. State, Ala.Cr. App., 418 So.2d 940 (1982). One of the authorities cited is that of Waldon v. State, 284 Ala. 608, 227 So.2d 122 (1969), in which Chief Justice Livingston stated:
‘Even where other grounds are alleged in the second petition, this Court has held that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second eoram nobis petition relating to the same conviction.’ ” Id.
Here, as in Bibby, there are no “cogent and compelling reasons” given for the failure to present this issue at the previous consideration of the petition.
It would appear that the only distinction between the present petition for writ of error eoram nobis and the 1982 petition is the additional allegation of “ineffective assistance of counsel.” As it applies to cor-am nobis, the “successive petition” rule can be stated as follows:
“It is a well-settled rule that matters adjudicated in a hearing on a petition for writ of error coram nobis are considered ‘quasi res judicatain other words, repeated applications or petitions merely resting on the same allegations which have been previously adjudicated should not be entertained. [Citations omitted.]” Alexander v. State, 462 So.2d 955, 957 (Ala.Cr.App.1984).
This case is also factually similar to the case of McLeod v. State, 415 So.2d 1232 (Ala.Cr.App.1982). In McLeod, the issues raised in the subsequent petition for writ of error coram nobis were the “same issues” which had been previously determined adversely to the appellant, with the “further allegation” that the appellant’s “court-appointed counsel was ineffective”. Id. at 1233. This court, per Judge DeCarlo, concluded that McLeod’s second petition was properly dismissed because the alleged facts were known, or should have been known, at the time the prior petition was filed. In so concluding, this court stated as follows:
“If a petitioner may not assert as grounds for a coram nobis petition facts he knew or should have known at trial, [citation omitted], certainly he may not allege, in a second coram nobis petition, facts he knew or should have known at the time of filing a first petition for post-conviction relief.” Id. (Emphasis in original.)
In the present case, the appellant has been given two evidentiary hearings on the merits of his petition for writ of error coram nobis. Additionally, the appellant was afforded an original appeal of the conviction and an application for rehearing which was filed by counsel other than the original trial counsel. Appellant has been unable to convince the trial court of the merits of his case and presents, in this appeal, nothing which would support his position that the trial court’s dismissal of the second petition was improper.
In considering appellant’s claim that he was denied effective assistance at trial, the following discussion from a recent opinion of this court, per Judge Tyson, in the case of Carter v. State, 473 So.2d 668, 670-71 (Ala.Cr.App.1985), is appropriate:
“The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) held that ‘a proper standard for attorney performance is that of reasonably effective assistance.’ Further, the appellant’s counsel’s performance must be shown to have prejudiced his defense. ‘The appropriate test for prejudice is stated in Strickland, 104 S.Ct. at 2068: “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of *449 the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” ’ Moffett v. State, 457 So.2d 990 (Ala.Cr.App.1984), citations omitted. ‘In making a determination of prejudice, this court must consider “the totality of the evidence before the judge or jury.” Strickland, 104 S.Ct. at 2069.’ Id.
“A review of the record indicates that petitioner has failed to meet such burden of proof in this proceeding. Counsel was not ineffective in a constitutional sense as argued by this petitioner. (Citations omitted.)”
Here, as in Carter, it is apparent that the appellant failed to meet his burden of proof.
The trial court had the opportunity to hear all of the evidence, observe the witnesses and their demeanor, and review all of the exhibits presented at the hearing. After considering all of the “arguments and contentions of counsel,” as noted in the trial court’s order, the petition for writ of error coram nobis was denied. After a thorough review of the transcript of the evidence presented at the hearing, we are convinced that “the trial judge was in a better position than are we to determine the truth of the crucial factual issue in the proceeding.” Holman v. State, 462 So.2d 1035, 1037 (Ala.Cr.App.1985). Additionally, application of the “successive petition rule” to the facts of this appeal supports a conclusion that the dismissal was proper.
AFFIRMED.
All the Judges concur.

. At the time the appellant was convicted of the offense of automobile theft, he had previously been convicted of four felonies.

. Of course, as this court has noted, "allegations of inadequacy of appeal counsel are not within the scope of coram nobis.” Cannon v. State, 416 So.2d 1097, 1100 (Ala.Cr.App.1982).