We remanded this petition for writ of error coram nobis to the Circuit Court of Covington County for that court to conduct a hearing, because the allegation of ineffective assistance of counsel was sufficiently clear to merit a hearing. Ex parteBoatwright, 471 So.2d 1257 (Ala. 1985); Ellison v. State,406 So.2d 439 (Ala.Cr.App. 1981).
A single issue was presented: Did the appellant request his court-appointed counsel to appeal his conviction for robbery? His attorney testified that he represented the appellant and investigated his case. He found the appellant had two prior felony convictions and found very little basis for a plea-bargain. The victim of the robbery positively identified Davis. Davis also confessed. Counsel advised him of what an appeal was and what it involved. He also discussed the possibility of an appeal with Davis before the sentence hearing. Both times they agreed it would be an exercise in futility. The counsel candidly advised him that he did not know of an error that would provide a sound basis for appeal. At no time by telephone, letter, personal conversation, or otherwise did Davis ask his counsel to appeal his case. Counsel never refused at any time to perfect an appeal and was never asked to do so. Davis's testimony sharply contrasts with that of his counsel, making this hearing a swearing match.
The court believed the trial counsel and disbelieved the defendant. Appellate counsel urges that the court abused its discretion in making this decision. It is hornbook law that the court must believe the evidence of the petitioner in a coram nobis proceeding before the petitioner is entitled to relief.Bibby v. State, 394 So.2d 73 (Ala.Cr.App. 1980), cert. denied,394 So.2d 76 (Ala. 1981);
We find no reversible error. This case is, accordingly, affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.